Case 4:21-cv-03457   Document 1-1   Filed on 10/20/21 in TXSD   Page 1 of 19

8/31/2021 5:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56845071
By: Adiliani Solis
Filed: 8/31/2021 5:17 PM

CAUSE NO. _____

| | | |
|---|---|---|
| DANIEL CORONA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALFONSO RUEDA DBA A & G | § | |
| TRUCKING AND | § | |
| ALEJANDRO RUEDA GARCIA | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Daniel Corona ("Plaintiff") files this Original Petition complaining of Defendants Alfonso Rueda DBA A & G Trucking and Alejandro Rueda Garcia ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

### PARTIES

3. Plaintiff Daniel Corona is an individual residing in Harris County, Texas. The last three digits of his driver's license are 890 and the last three digits of his social security number are 730.

4. Defendant Alfonso Rueda DBA A & G Trucking is a non-resident foreign entity that is doing business in the State of Texas; a current search of records from the Texas Secretary

of State (a) does not reveal the correct corporate entity name, (b) does not reflect a regular place of business in Texas, and (c) does not designate an agent for service of process. This non-resident entity is doing business in the State of Texas, therefore pursuant to CPRC § 17.044 service of process may be accomplished by service on the **Secretary of State, Citations Unit, 1019 Brazos, Room 105, Austin, Travis County, 78701** who will accomplish service upon Defendant Alfonso Rueda DBA A & G Trucking by mailing a copy of the citation and petition to the defendant by registered mail or certified mail return receipt requested to Alfonso Rueda at 716 59th Street NW, Albuquerque, New Mexico 87105.

5. Defendant Alejandro Rueda Garcia is a non-resident. A current search of records indicates that he resides at 716 59th Street NW, Albuquerque, New Mexico 87105 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas, 78701, pursuant to §17.062.

## VENUE AND JURISDICTION

6. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

7. This lawsuit is based on a motor vehicular collision occurring on or about October 10, 2020, at or on the 1000 block of East Boulevard, Deer Park, Texas (hereinafter referred to as "The Collision").

8. The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants. Such acts of negligence are more defined in the below paragraphs.

9. At the time of The Collision, Defendant Alejandro Rueda Garcia was working in the course and scope of his employment for Alfonso Rueda DBA A & G Trucking.

10. At the time of The Collision, Defendant Alejandro Rueda Garcia changed lanes unsafely causing the collision with Plaintiff's vehicle. This crash severely injured the Plaintiff.

## CAUSES OF ACTION

### Negligence, Negligence *Per Se*, and/or Respondeat Superior

11. At the time of The Collision, Defendant Alejandro Rueda Garcia was negligent and / or negligent *per se* in one or more of the following particulars:

    a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
    b. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
    c. In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;
    d. In failing to yield the right-of-way;
    e. In failing to maintain his vehicle under control;
    f. In following too closely;
    g. In disregarding traffic signals;
    h. In failing to take proper evasive action;
    i. In driving while inattentive;
    j. In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and
    k. In violating Texas Transportation Code Sections 545.060 (driving on roadway laned for traffic), 545.351 (maximum speed requirement), and 545.4251 (use of portable wireless communication device for electronic messaging).

12. At the time of the collision, Defendant Alejandro Rueda Garcia, the driver of Defendant Alfonso Rueda DBA A & G Trucking's vehicle, was an employee of Defendant Alfonso Rueda DBA A & G Trucking. Defendant Alejandro Rueda Garcia was acting within the course and scope of such employment at the time of the occurrence and at all relevant times

prior thereto. As such, Defendant Alfonso Rueda DBA A & G Trucking is legally responsible for its driver's negligence and negligence *per se* under the doctrine of respondeat superior / vicarious liability.

13. Defendant Alfonso Rueda DBA A & G Trucking was negligent in hiring Defendant Alejandro Rueda Garcia as a driver and negligent in allowing him to continue driving vehicles for it when they reasonably should have known that it was unsafe to do so. It was also negligent in its training of Defendant Alejandro Rueda Garcia. Such training would have prevented the occurrence in question. Additionally, it was negligent in its safety teaching, collision prevention, and the operation of its company vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

14. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiff's injuries and damages.

## PERSONAL INJURIES AND DAMAGES

15. As a result of Defendants' negligent actions, Daniel Corona suffered personal injuries. Consequently, Daniel Corona seeks recovery of the following damages:

    a. <u>Medical Expenses:</u>  Daniel Corona incurred bodily injuries which were caused by The Collision and Daniel Corona incurred medical expenses for treatment of such injuries. Daniel Corona believes that, in reasonable medical probability such injuries will require the need for future medical care.

    b. <u>Physical Pain</u>:  Daniel Corona endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

    c. <u>Mental Anguish</u>:  Daniel Corona endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

    d. <u>Disfigurement</u>: Daniel Corona endured disfigurement as a result of the personal

  injuries sustained in The Collision and reasonably anticipates such will continue in the future.

  e. <u>Impairment</u>: Daniel Corona endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

  f. <u>Loss of Earning Capacity</u>:  Daniel Corona lost wages as a result of the personal injuries sustained in The Collision.  Daniel Corona reasonably believes that such injuries will diminish Daniel Corona's earning capacity in the future.

## **AGGRAVATION**

16. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## **PROPERTY DAMAGE**

17. As a proximate result of the above-detailed conduct on the part of the Defendants, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendants are hereby sued and recovery is sought.

## **U.S. LIFE TABLES**

18. Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter.  Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## **RELIEF SOUGHT**

19. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention

to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

20. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

21. Plaintiff requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recover:

   a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
   b. Pre-judgment interest at the maximum amount allowed by law;
   c. Post-judgment interest at the maximum rate allowed by law;
   d. Punitive damages;
   e. Costs of suit; and
   f. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**REYES | BROWNE | REILLEY**

 /s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

## AFFIDAVIT OF SERVICE

9/22/2021 11:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57490350
By: Devanshi Patel
Filed: 9/22/2021 11:23 AM
127th District Court

**State of Texas**        **County of HARRIS**

Case Number: 202155604

Plaintiff:
**DANIEL CORONA**

vs.

Defendant:
**ALFONSO RUEDA DBA A & G TRUCKING AND ALEJANDRO RUEDA GARCIA**

For:
Spencer P. Browne
REYES BROWNE
8222 Douglas Ave.
Suite 400
Dallas, TX 75225

Received by Alliance Civil Process, Inc. on the 10th day of September, 2021 at 3:09 pm to be served on **ALEJANDRO RUEDA GARCIA BY DELIVERING THROUGH THE TEXAS TRANSPORTATION COMMISSION, 125 EAST 11TH STREET, AUSTIN, TX 78701**.

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **13th day of September, 2021** at **3:17 pm**, I:

served the **TRANSPORTATION COMMISSION** by delivering in duplicate a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** with the date of service endorsed thereon by me, to: **Jenna Townsend** at **125 EAST 11TH STREET, AUSTIN, TX 78701**, as the designated agent for the Texas Transportation Commission to accept service of process on behalf of **ALEJANDRO RUEDA GARCIA**. An administrative fee of $25.00 was also tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 13th day of September, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Dane Ray Cuppett**
PSC-7114, Exp. 10/31/23
9/13/2021
Date

Alliance Civil Process, Inc.
136 W. McLeroy Blvd.
Suite A
Saginaw, TX 76179
(817) 306-4150

Our Job Serial Number: FWT-2021002482
Ref: 20102286370

Copyright © 1992-2021 Database Services, Inc - Process Server's Toolbox V8.1t

CAUSE NO. 202155604

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 908513  TR# 73910185 EML

| Plaintiff:<br>CORONA, DANIEL<br>vs.<br>Defendant:<br>ALFONSO RUEDA (DBA A & G TRUCKING) | In The 127th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

To: **RUEDA GARCIA, ALEJANDRO MAY BE SERVED BY AND THROUGH HIS SUBSTITUTED AGENT J BRUCE BUGG JR CHAIRMAN TEXAS TRANSPORTATION COMMISSION 125 E 11TH STREET AUSTIN TEXAS 78701 FORWARD TO:
716 59TH STREET NW, ALBUQUERQUE NM 87105**

Attached is a certified copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 31, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on September 1, 2021, under my hand and seal of said court.

Issued at the request of:

BROWNE, SPENCER PAUL
8222 DOUGLAS AVENUE STE. 400
DALLAS, TX 75225
214-526-7900
Bar Number: 24040589



Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston TX 77002
(PO Box 4651, Houston, TX 77210)

Generated By: ADILIANI SOLIS

Tracking Number: 73910185 EML

CAUSE NUMBER: 202155604

| | |
|---|---|
| PLAINTIFF: CORONA, DANIEL<br>vs.<br>DEFENDANT: ALFONSO RUEDA (DBA A & G TRUCKING) | In the 127th<br>Judicial District Court of<br>Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the PLAINTIFF'S ORIGINAL PETITIONPetition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
   By_____
        Affiant                                                      Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___.

_____
                                                          Notary Public

9/22/2021 11:26 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57490603
By: Devanshi Patel
Filed: 9/22/2021 11:26 AM
127th District Court

## AFFIDAVIT OF SERVICE

**State of Texas**  **County of HARRIS**

Case Number: 202155604

Plaintiff:
**DANIEL CORONA**

vs.

Defendant:
**ALFONSO RUEDA DBA A & G TRUCKING AND ALEJANDRO RUEDA GARCIA**

For:
Spencer P. Browne
REYES BROWNE
8222 Douglas Ave.
Suite 400
Dallas, TX 75225

Received by Alliance Civil Process, Inc. on the 10th day of September, 2021 at 3:25 pm to be served on **ALFONSO RUEDA DBA A & G TRUCKING, BY DELIVERING THROUGH THE TEXAS SECRETARY OF STATE, 1019 BRAZOS, ROOM 105, AUSTIN, TX 78701**.

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **13th day of September, 2021** at **3:12 pm**, I:

executed to the **SECRETARY OF STATE** by delivering in duplicate a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** with the date of delivery endorsed thereon by me, to: **Aleita Dawson** at **1019 BRAZOS, ROOM 105, AUSTIN, TX 78701**, as the designated agent for the Texas Secretary of State to accept delivery of process on behalf of **ALFONSO RUEDA**. An administrative fee of $55.00 was also tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 13th day of September, 2021 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Dane Ray Cuppett**
PSC-7114, Exp. 10/31/23
9/13/2021
Date

Alliance Civil Process, Inc.
136 W. McLeroy Blvd.
Suite A
Saginaw, TX 76179
(817) 306-4150

Our Job Serial Number: FWT-2021002481
Ref: 20102286370

Copyright © 1992-2021 Database Services, Inc - Process Server's Toolbox V8.1t

CAUSE NO. 202155604

COPY OF PLEADING PROVIDED BY PLT

908513

RECEIPT NO.

TRACKING NO: 73910178 EML

Plaintiff:
CORONA, DANIEL
vs.
Defendant:
ALFONSO RUEDA (DBA A & G TRUCKING)

In The 127thJudicial District
Court of Harris County, TX

Houston, Texas

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To:   ALFONSO RUEDA (DBA A & G TRUCKING) MAY BE SERVED THROUGH THE SECRETARY OF STATE OF TEXAS CITATIONS UNIT 1019 BRAZOS ROOM 105 AUSTIN TEXAS 78701
FORWARD TO: ALFONSO RUEDA
      716 59TH STREET NW, ALBUQUERQUE NM 87105

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 31, 2021 in the above cited cause number and court.  The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
   This citation was issued onSeptember 1, 2021, under my hand and seal of said court.

*Marilyn Burgess*

Issued at the request of:
BROWNE, SPENCER PAUL
8222 DOUGLAS AVENUE STE. 400
DALLAS, TX  75225
214-526-7900
Bar Number: 24040589

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston TX 77002
(POBox 4651, Houston, TX 77210)

Generated By: ADILIANI SOLIS

Tracking Number: 73910178 EML

CAUSE NUMBER: 202155604

| | |
|---|---|
| PLAINTIFF: CORONA, DANIEL<br>vs.<br>DEFENDANT: ALFONSO RUEDA (DBA A & G TRUCKING) | In the 127th<br>Judicial District Court of<br>Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M. on the _____ day of _____,
20_____.                                    Executed                                               at
Address)_____ in
_____ County  at  o'clock  ___.M.  on  the  _____  day  of
_____,            20_____,           by           Summoning          the
_____ Delivering to
_____in person a corporation By leaving in the
principal   office   during   office   hours_____   of   the
said_____ a  true  copy  of  this  notice,  together  with
accompanying  copy  of  _____To  certify  which  I
affix my hand officially this _____day of _____, 20___.

Fees $_____

_____                By_____
            Affiant                                                    Deputy
On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___


                              _____
                                                              Notary Public

Case 4:21-cv-03457   Document 1-1   Filed on 10/20/21 in TXSD   Page 13 of 19

10/4/2021 4:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57858527
By: Iliana Perez
Filed: 10/4/2021 4:01 PM

CAUSE NO. 2021-55604

| | | |
|---|---|---|
| DANIEL CORONA | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALFONSO RUEDA DBA A & G | § | |
| TRUCKING AND ALEJANDRO RUEDA | § | |
| GARCIA | § | |
|     Defendants | § | 127TH JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER TO PLAINTIFF'S PETITION AND JURY DEMAND

COME NOW, ALFONSO RUEDA d/b/a A & G TRUCKING and ALEJANDRO RUEDA GARCIA, Defendants in the above-referenced and numbered cause, filing this Answer to Plaintiff's Original Petition and Jury Demand, and in support would respectfully show the Court as follows:

## GENERAL DENIAL

1.  Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and, upon the trial of this cause, demand strict proof thereof, pursuant to the laws and Constitution of the State of Texas.

## DISCOVERY

2.  Pursuant to Texas Rule of Civil Procedure 190.4, Defendants request that the discovery in this case be conducted under Level 3.

## AFFIRMATIVE DEFENSES

3.  Pursuant to Rule 94 of the Texas Rules of Civil Procedure and Chapter 33 of the Civil Practice and Remedies Code, Defendants would respectfully show that the injuries and damages, if any, made the basis of this lawsuit were solely and proximately caused, or in the alternative, partially and proximately caused, by the negligence of Plaintiff in failing to act like a

reasonably prudent person would have acted under the same or similar circumstances. Plaintiff was also negligent *per se*.

4. Defendant Garcia was confronted with an emergency arising suddenly and unexpectedly.

5. The accident forming the basis of the lawsuit was an "unavoidable accident".

6. Plaintiff's injuries and damages, if any, resulted from the acts of third persons or instrumentalities over which Defendants had no control.

7. Pursuant to Texas Civil Practice and Remedies Code § 41.0105, Plaintiff may only recover medical or healthcare expenses that he actually paid or were incurred by or on his behalf.

8. Pursuant to Texas Civil Practice and Remedies Code § 33.001 et seq., Defendants request the jury compare the responsibility of all parties, including Plaintiff, Co-Defendant, settling persons or entities, and responsible third parties pursuant to Texas Civil Practice and Remedies Code § 33.004, and assign percentages of responsibility to them, and that any judgment rendered be done so pursuant to the rights of contribution.

9. In the unlikely event that a judgment is entered against Defendants, they reserve their right to recover from each co-defendant against whom judgment is also rendered, pursuant to Texas Civil Practice and Remedies Code § 32.002. Defendants further plead that in the unlikely event they are found to be jointly and severally liable and required to pay more than their share of comparative responsibility, Defendants reserve their right of contribution against co-defendant, jointly and singularly, pursuant to Texas Civil Practice and Remedies Code § 33.001 et seq., and common law or contractual indemnity as it may apply. Defendants reserve their right to assert such contribution rights in this action, or in a later action.

10. Plaintiff failed to mitigate his damages.

11. Plaintiff's injuries and damages, if any, are the result of pre-existing and/or subsequent medical or psychological conditions, injuries, disease processes or disabilities that are in no way the responsibility of Defendants; therefore, Defendants have no legal responsibility for any injuries or damages sustained by Plaintiff as a result of any pre-existing and/or subsequent medical or psychological conditions, injuries, disease processes or disabilities over which Defendants had no control.

12. Pursuant to Texas Civil Practice and Remedies Code § 41.003, Defendants request the Court require all parties prove their gross negligence claims against Defendants by clear and convincing evidence.

13. Pursuant to Texas Civil Practice and Remedies Code § 41.008, Defendants request the Court limit the recovery on the amount of exemplary damages, if any, awarded against Defendants.

14. To the extent Plaintiff seeks punitive or exemplary damages from Defendants, Defendants assert that an award of punitive or exemplary damages in this case would violate their rights guaranteed by the United States Constitution and Texas Constitution.

15. Defendants specifically invoke their rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively plead that the Plaintiff's pleading for punitive and/or exemplary damages violates the Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

    (a) In an amount left to the discretion of the jury and judge;

    (b) In assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;

(c) In assessing such penalty or exemplary awards, plaintiffs need only prove the theory of gross negligence or malice by a "preponderance of the evidence" or "clear and convincing evidence" standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(d) Further, the defendants who are subject to the award do not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment;

(e) The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine and, in effect allows the assessment of such awards even though there are not specific standards, limits or other statutory requirements set forth which define the *mens rea* and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

(f) In essence, Defendants are subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but Defendants receive none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

(g) The assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in dissimilar ways.

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION**     **Page 4**

16. Further, if such be necessary, Defendants affirmatively plead that the assessment and award of punitive and/or exemplary damages violates the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process. Accordingly, Defendants invoke their rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully request that this Court disallow any award of punitive and/or exemplary damages inasmuch as an award in this case would violate Defendants' United States Constitutional rights.

## PLEADING IN THE ALTERNATIVE

17. Pursuant to Texas Rules of Civil Procedure 84 and 85, to the extent that any defenses, other than the General Denial, plead in this Answer are in conflict, they are plead in the alternative.

## RIGHT TO AMEND

18. Defendants reserve the right to amend or supplement their answer.

## JURY DEMAND

19. Pursuant to Texas Rule of Civil Procedure 216, Defendants have made a demand for a jury trial and have paid the required jury fee.

## REQUEST FOR DEPOSITION

20. Defendants request the opportunity to take the deposition of Plaintiff.

## INTENT TO USE DOCUMENTS PRODUCED

21. Pursuant to Texas Rule of Civil Procedure 193.7, Defendants hereby give actual notice to all parties that any and all documents produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against

the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants ALFONSO RUEDA d/b/a A & G TRUCKING AND ALEJANDRO RUEDA GARCIA pray that Plaintiff take nothing by reason of this suit, and that Defendants be discharged with their costs and for all such other and further relief to which they may be justly entitled.

    Respectfully submitted,

**BRENNIG & ASSOCIATES, P.C.**

By:    /s/ Charles C. Brennig III
       CHARLES C. BRENNIG III
       State Bar No. 00783719
       cbrennig@brenniglaw.com
       ASHLEY N. VEGA
       State Bar No. 24110478
       avega@brenniglaw.com
       5555 San Felipe Street, Suite 610
       Houston, TX 77056
       Telephone: (713) 622-5900
       Facsimile: (713) 622-5910
       **ATTORNEYS FOR DEFENDANTS**
       *Alfonso Rueda d/b/a A & G TRUCKING*
       *and Alejandro Rueda Garcia*

## CERTIFICATE OF SERVICE

This is to certify that on October 4, 2021, a true and correct copy of the foregoing document has been provided to all counsel of record via electronic service pursuant to the Texas Rules of Civil Procedure.

       /s/ Charles C. Brennig III
       CHARLES C. BRENNIG III

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dawn Fennell on behalf of Charles C. Brennig
Bar No. 783719
dfennell@brenniglaw.com
Envelope ID: 57858527
Status as of 10/4/2021 4:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christian Barragan | | cbarragan@reyeslaw.com | 10/4/2021 4:01:32 PM | SENT |
| Spencer P.Browne | | spencer@reyeslaw.com | 10/4/2021 4:01:32 PM | SENT |
| Hussain Ismail | | Hussain@reyeslaw.com | 10/4/2021 4:01:32 PM | SENT |
| Marco Gonzalez | | marco@reyeslaw.com | 10/4/2021 4:01:32 PM | SENT |